JOHN L. BURRIS, Esq. SBN 69888
ADANTÉ D. POINTER Esq. SBN 236229
MELISSA C. NOLD, Esq. SBN 301378
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS PITTS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; MATTHEW KOMODA, in his individual and official capacity as a CITY OF VALLEJO Police Officer; RYAN MCLAUGHLIN, in his individual and official capacity as a CITY OF VALLEJO Police Officer; and DOES 1-50, individually and in their official capacities as Employees for the CITY OF VALLEJO, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This outrageous incident occurred on April 4, 2016, when two out of control City of Vallejo Police Officers racially profiled and attacked Plaintiff Nickolas Pitts as he was simply attempting to empty his trash while walking outside of his apartment building. Upon contacting Mr. Pitts, the

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS & DAMAGES - 1

Officers threw him to the ground, manhandled him with such force and callousness they ripped a patch of hair from his head.  Later, the Officers tried to cover-up the unlawful stop and their unwarranted use of force by fabricating a jaywalking charge.  The trumped up charge was later dismissed.

2.   In addition to Mr. Pitts' physical and emotional injuries, this law abiding young man lost his job due to the Officers causing him to be hauled off to jail and falsely imprisoned. Prior to this incident Mr. Pitts had never been convicted of a crime.

3.   This action seeks to recover damages for the physical, emotional and pecuniary damages he sustained.

## JURISDICTION

4.   This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

5.   Plaintiff herein, NICKOLAS PITTS is, and at all times herein mentioned was a resident of California and a natural person.

6.   Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department ("VPD").

7.   Defendant MATTHEW KOMODA (hereinafter referred to as "Defendant Komoda") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a Police Officer for the CITY OF VALLEJO.

8.   Defendant RYAN MCLAUGHLIN (hereinafter referred to as "Defendant McLaughlin") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a Police Officer for the CITY OF VALLEJO.

9. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend their complaint subject to further discovery.

10. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with CITY. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CITY.

## STATEMENT OF FACTS

11. On April 4, 2016, at approximately 6 p.m., Plaintiff Nickolas Pitts was exiting his apartment building, located on the 500 block of Georgia Street, in Vallejo, California. Mr. Pitts walked over toward the curb in front of the building and threw a bag of diapers into a nearby garbage can.

12. Mr. Pitts attention was then drawn to a City of Vallejo Police Department patrol car that was driving down his street at a fast rate. The police car abruptly stopped and City of Vallejo Police Officers Matthew Komoda and Ryan McLaughlin jumped out of the patrol car with guns drawn on Mr. Pitts. Mr. Pitts was unarmed, had no pre-existing criminal record, was not committing any crime or infraction and the officers were not responding to the report of any crime.

13. Despite having no legal cause to contact Mr. Pitts, the Officers proceeded to grab and punch him in the head while pinning his face against the ground. The assault left him with several of his dreadlocks being ripped out of his head. Fearing that he might be even more severely injured or killed, Mr. Pitts began to scream for help. The Officers ignores his pleas and violently handcuffed

him. Then the Officers rummaged through Mr. Pitts' pockets and did not find a scintilla of drugs, illegal contraband or weapons.

14. The Officers demanded that Mr. Pitts get up, despite his injuries. Once Mr. Pitts got to his feet he was searched yet again. One of the Officers spoke to Mr. Pitts' landlord, during which time the Officer told the landlord that Mr. Pitts was being detained for a parole violation. Mr. Pitts was not at that time and has never been on parole or probation in his entire life.

15. Mr. Pitts was arrested for Penal Code Section 148 and taken to Solano County Jail, in Fairfield, California. Once Mr. Pitts was released from custody he went to Kaiser Vallejo for injuries to his head, arms, legs, genitals and back. Mr. Pitts has a pre-existing spine injury, which was aggravated by the Officers' unwarranted use of force.

16. The Officers worked to have Mr. Pitts falsely charged with jaywalking, despite the fact he never stepped into the street immediately before or during the incident. Mr. Pitts plead not guilty to his charges and requested a trial. Tellingly, neither of the arresting Officers showed up to court on the day of trial. Mr. Pitts' charges were thereafter dismissed.

17. As a result of this outrageous incidence of racial profiling which evolved into an unwarranted violent attack and false arrest, Mr. Pitts lost his job as he was unable to work due to his injuries and the fact the arrest disqualified him from the level of security clearance he needed to maintain his employment.

18. To this day Mr. Pitts continues to suffer from a constant fear that the police are going to single him out and attack him again.  His sense of security and dignity as a human being was permanently eroded by this racist and unjustifiable incident.

19.  Plaintiff is informed and believes and thereon alleges that CITY, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendants and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of racial profiling, excessive force and the fabrication of official reports to cover up Defendants and DOES 1-25's inclusive, misconduct.

20. Plaintiff is informed, believes and thereon alleges that members of the CITY OF VALLEJO Police Department, including, but not limited to Defendants and DOES 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force and racially profiled Nickolas Pitts in a manner prohibited by the United States Constitution.

21. Plaintiff is further informed, believes and therein alleges that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the CITY OF VALLEJO, Vallejo Police Department has allowed persons to be abused and racially profiled by its employees including Defendants and DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

22. Plaintiff is informed, believes and therein alleges that Vallejo Police Department employees exhibit a pattern and practice of using racial profiling and excessive force against African American citizens and despite these incidents, none of the employees are ever found in violation of department policy, even under the most questionable of circumstances.  Vallejo Police Department's failure to discipline or retrain any of the involved employees is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of Vallejo Police Department's failure to properly supervise its employees and ratify their unconstitutional conduct.

23. Plaintiff is informed, believes and therein alleges that CITY knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

24. Plaintiff is ignorant of the true names and capacities of Defendant Officer DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

25. Plaintiff complied with applicable Government Tort Claims Act.  He filed a Claim with the City of Vallejo on September 29, 2016. The City rejected his claim on November 10, 2016.

# DAMAGES

26. Plaintiff was physically and emotionally injured and damaged as a proximate result of Defendants' egregious abuse and harassment, including but not limited to: Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, and 1988.

## FIRST CAUSE OF ACTION

## Violation of Fourth Amendment of the United States Constitution

## (42 U.S.C. §1983)

## (Plaintiff v. KOMODA, MCLAUGHLIN and DOES 1-25 inclusive)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this complaint. Defendants' above-described conduct violated Plaintiff Pitts' rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from unlawful seizures, excessive and/or arbitrary and/or unreasonable use of force against him and/or unreasonable and biased enforcement of law.

29. Plaintiff Pitts was forced to endure great conscious pain and suffering because of the Defendants' racially biased, unwarranted and unprovoked attack.

30. Defendants acted under color of law by unlawfully contacting and attacking Mr. Pitts, without lawful justification and subjecting Plaintiff to excessive force thereby depriving him of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

## (Monell – 42 U.S.C. section 1983)

## (Plaintiff v. CITY and DOES 26-50)

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that high-ranking CITY officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by Vallejo Police Department Officers.

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that CITY & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department which brought about Defendants and DOES 1-25 unlawfully attacking Mr. Pitts.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and DOES 1-25 and/or each of them, ratified and encouraged these officers to continue their course of misconduct.

35. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of Vallejo Police Department police officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY officials, including high ranking Vallejo Police Department supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Negligence)

**(Plaintiff v. KOMODA, MCLAUGHLIN and DOES 1-25 inclusive)**

37. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. Defendant Officers and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Nickolas Pitts, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

39. As an actual and proximate result of said defendants' negligence, Plaintiff sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Violation of Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)

**(Plaintiff v. KOMODA, MCLAUGHLIN and DOES 1-25 inclusive)**

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 of this Complaint.

41. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Nickolas Pitt's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

(Battery)

(Plaintiff v. KOMODA, MCLAUGHLIN and DOES 1-25 inclusive)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this complaint.

43. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

44. Plaintiff hereby demands a jury trial.

## PRAYER

Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants KOMODO and McLAUGHLIN and DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.


Dated: May 9, 2017               THE LAW OFFICES OF JOHN L. BURRIS



                                 /s/ John L. Burris
                                 **JOHN L. BURRIS**
                                 **Attorneys for Plaintiff**