**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: KELLY J. TRUJILLO**
Assistant City Attorney, SBN 244286
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687
Email: kelly.trujillo@cityofvallejo.net
*Attorneys for Defendants, CITY OF VALLEJO,
MATTHEW KOMODA, RYAN McLAUGHLIN*

**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTÉ D. POINTER Esq. SBN 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| NICKOLAS PITTS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; MATTHEW KOMODA, in his individual and official capacity as a CITY OF VALLEJO Police Offer; RYAN McLAUGHLIN, in his individual and official capacity as a CITY OF VALLEJO Police Officer; and DOES 1-50, individually and in their official capacities as Employees for the CITY OF VALLEJO, jointly and severally,<br><br>Defendants. | Case No. 2:17-cv-00988-KJM-DB<br><br>**JOINT STATUS REPORT**<br><br>DATE: August 17, 2017<br>TIME: 2:30 p.m.<br>CTRM: 3, 15th Floor<br>United States District Judge<br>Kimberly J. Mueller |

Case No. 2:17-cv-00988-KJM-DB                        JOINT STATUS REPORT

-1-

a. **BRIEF SUMMARY OF CLAIMS AND LEGAL THEORIES**

**Defendants:**

Defendants deny any and all wrongdoing on their part and allege all of their actions were reasonable under the totality of the circumstances.

**Plaintiff:**

   (1) <u>42 U.S.C. Section 1983 – Excessive Force</u>

      Plaintiff alleges he was detained by Defendants without probable cause or reasonable suspicion and that Defendants, while acting under the color of law, exerted unwarranted force on a compliant Plaintiff, resulting in physical injuries, emotional injuries, loss of employment and unwarranted arrest. Plaintiff was charged with no crimes in relation to his arrest.

   (2) <u>42 U.S.C. Section 1983 – Municipal Liability/Monell</u>

      Upon information and belief, Plaintiff alleges that Defendants were not properly trained, resulting in Plaintiff's injuries. Upon information and belief, Plaintiff alleges that Defendants were not disciplined or retrained as a result of this incident of misconduct. Upon information and belief, Plaintiff alleges the City of Vallejo engages in a pattern and practice of permitting its officers to engage in unchecked excessive force and misconduct, resulting in the injury of citizens.

   (3) <u>Negligence</u>

      Plaintiff alleges Defendants contacted him without legal justification, and used unwarranted force, in violation of their duty to avoid causing unnecessary and unwarranted injury to the public.

   (4) <u>California Civil Code Section 52.1</u>

      Plaintiff alleges that Defendants' act of stopping him without reasonable suspicion or probable cause and subsequently causing him unwarranted physical injuries, emotional injuries, loss of employment and unwarranted arrest. Plaintiff alleges the foregoing actions constitute interference, by threats, intimidation and coercion, of Plaintiff's peaceable exercise and enjoyment of

rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

    (5) <u>Battery</u>

    Plaintiff alleges Defendants engaged in non-consensual and unjustified physical contact with Plaintiff's person, in violation of state battery laws.

**b. PROGRESS OF SERVICE OF PROCESS**

All parties have received service.

**c. POSSIBLE JOINDER OF ADDITIONAL PARTIES**

None anticipated by the defendants at this time.

**d. POSSIBLE AMENDMENT OF THE PLEADINGS**

None anticipated by the defendants at this time.

Plaintiff shall seek leave to Amend to add an Intentional Infliction of Emotional Distress cause of action, which the City was on notice of per Plaintiff's administrative claim filing.

Defendants request that plaintiff send a draft amended complaint for review and consideration of a possible stipulation for leave to amend.

**e. JURISDICTION AND VENUE**

Defendants do not dispute venue and jurisdiction are proper.

**f. ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF, INCLUDING DISCLOSURE OF EXPERT WITNESSES**

**Defendants:**

(1) The parties agree to serve Initial Disclosures no later than September 1, 2017.

(2) Defendants intend to conduct discovery to ascertain all facts and circumstances related to the event subject to this lawsuit including discovery of any possible third party witnesses. Defendants will also conduct discovery into the plaintiff's alleged injuries and medical treatment, lost wages and other claimed damages.

Defendants anticipate discovery on any matter that is relevant to plaintiff's claims herein. Defendants do not request that discovery be conducted in phases.

(3) Defendants do no contemplate any changes/limitation on discovery under the civil rules.

(4) Defendants request that expert disclosures occur at least thirty days after fact discovery closes.

(5) Defendants request that fact discovery close no earlier than June 1, 2018.

**Plaintiff:**

(1) The parties agree to serve Initial Disclosures by September 1, 2017.

(2) Plaintiff intend to propound written discovery to prove up his claims. Plaintiff intends to depose all named Defendants; percipient witnesses; prior complainants and persons most knowledgeable regarding: use of force policy, use of use of force training, and de-escalation policies. Plaintiff will seek discovery of employment, training and internal affairs records for all Defendants. Plaintiff will seek necessary Monell discovery. Plaintiff intends to conduct expert discovery with police practices experts regarding defendants' actions. Plaintiff anticipates timely resolution of discovery according to the court's current scheduling order.

(3) Plaintiff does not anticipate any changes to the discovery limitations proscribed by the Federal Rules of Civil Procedure.

(4) Plaintiff agrees that Expert Discovery should not occur prior to 30 days after the close of Fact Discovery.

(5) Plaintiff agrees that Fact Discovery should occur no earlier than June 1, 2018.

g. **ANTICIPATED DISPOSITIVE OR OTHER MOTIONS AND THE SCHEDULING THEREOF**

The City Defendants anticipate filing a Motion of Summary Judgment and/or Partial Summary Adjudication within sixty days of the close of discovery, approximately September 1, 2018.

---

Case No. 2:17-cv-00988-KJM-DB            JOINT STATUS REPORT

Plaintiff does not anticipate filing any motions at this time.

**h. METHODS THAT CAN BE USED FROM OUTSET TO AVOID UNNECESSARY PROOF OF CUMULATIVE EVIDENCE**

None at this time.

**i. PROPOSED DATE FOR FINAL PRETRIAL CONFERENCE**

November 2018.

**j. PROPOSED DATE FOR TRIAL, ESTIMATED NUMBER OF DAYS OF TRIAL, JURY DEMAND**

Defendants estimate a trial in this matter to take 3-4 days. Defendants demand a jury.

Plaintiff estimates a trial in this matter to take 5 days. Plaintiff demands a jury trial.

**k. APPROPRIATENESS OF SPECIAL PROCEDURES SUCH AS REFERENCE TO A SPECIAL MASTER OR AGREEMENT TO TRY MATTER BEFORE ASSIGNED MAGISTRATE JUDGE**

None at this time.

**l. PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES BECAUSE OF SIMPLICITY OR COMPLEXITY OF CASE**

None at this time.

**m. WHETHER THE CASE IS RELATED TO ANY OTHER CASE PENDING IN THIS DISTRICT, INCLUDING THE BANKRUPTCY COURT**

No related cases.

//
//
//
//
//
//

n. **OPTIMAL TIMING AND METHOD FOR SETTLEMENT DISCUSSIONS, INCLUDING WHETHER A COURT—CONVENED SETTLED CONFERENCE SHOULD BE SCHEDULED, WHETHER IN CASE OF A JURY TRIAL THE PARTIES WILL STIPULATE TO THE TRIAL JUDGE ACTING AS A SETTLEMENT JUDGE, AND THE PARTIES' POSITIONS WITH RESPECT TO VOLUNTARY DISPUTE RESOLUTION (VDRP) AS REQUIRED BY LOCAL RULE 271(d)**

The defendants prefer that a magistrate judge conduct a settlement conference, after discovery in this matter has closed. Without the benefit of discovery, the defendants do not believe VDRP would be fruitful at this time.

The Plaintiff is amendable to settlement with an agreed upon magistrate judge at any time.

o. **ANY OTHER MATTERS THAT MAY BE CONDUCIVE TO THE JUST AND EXPEDITIOUS DISPOSITION OF THE CASE**

None at this time.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Case No. 2:17-cv-00988-KJM-DB    JOINT STATUS REPORT

p. **FUTURE PROCEEDINGS, INCLUDING THE SETTING OF APPROPRIATE CUT-OFF DATES FOR DISCOVERY AND FOR LAW AND MOTION, AND THE SCHEDULING OF A FINAL PRETRIAL CONFERENCE AND TRIAL**

The parties suggest the following dates in this matter:

| | |
|---|---|
| Fact Discovery Cutoff : | June 1, 2018 |
| Expert Disclosure: | July 1, 2018 |
| Expert Discovery Cutoff: | August 1, 2018 |
| Pretrial Motions Filing Deadline: | September 1, 2018 |
| Pretrial Conference: | November 1, 2018 |
| Trial Dates: | December 2018 |

DATED: August 10, 2017

Respectfully submitted,

/s/ Kelly J. Trujillo
KELLY J. TRUJILLO
Assistant City Attorney
Attorney for Defendants

DATED: August 10, 2017

/s/ Melissa C. Nold
John L. Burris
Adante D. Pointer
Melissa C. Nold
Attorneys for Plaintiff
Law Offices of John Burris