**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: KELLY J. TRUJILLO**
Assistant City Attorney, SBN 244286
**KATELYN M. KNIGHT**
Deputy City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687
Email: kelly.trujillo@cityofvallejo.net
Email: katelyn.knight@cityofvallejo.net
*Attorneys for Defendants, CITY OF VALLEJO, et al.*

**JOHN L. BURRIS ESQ., SBN 69888**
**MELISSA C. NOLD, SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
Email: melissa.nold@johnburrislaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICKOLAS PITTS,<br><br>       Plaintiff,<br>  vs.<br><br>CITY OF VALLEJO, a municipal corporation; MATTHEW KOMODA, in his individual and official capacity as a CITY OF VALLEJO Police Offer; RYAN McLAUGHLIN, in his individual and official capacity as a CITY OF VALLEJO Police Officer; and DOES 1-50, individually and in their official capacities as Employees for the CITY OF VALLEJO, jointly and severally,<br><br>       Defendants. | No: 2:17-cv-00988-KJM-DB<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

Case No. 2:17-cv-00988-KJN-DB      **STIPULATION FOR PROTECTIVE ORDER AND ORDER**

-1-

IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order and designated as "Confidential Material" as follows:

1. Records produced by defendants in response to plaintiff's Request for Production of Documents:
   a. Citizen complaints and internal affairs investigations related to alleged excessive force, alleged dishonesty, or racial profiling against Defendant Komoda within the last five years.
   b. Citizen complaints and internal affairs investigations related to alleged excessive force, alleged dishonesty or racial profiling against Defendant McLaughlin within the last five years.
2. Confidential material may not be disclosed except as set forth in paragraphs 3- 5.
3. Confidential Material may be disclosed only to the following persons:
   a. Counsel for any party to this action.
   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 3(a);
   c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;
   d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;
   e. Any "in house" expert designated by defendants to testify at trial in this matter;
   f. Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings;

the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

  g. Any Neutral Evaluator or other designated ADR provider;

  h. Parties to this action; and

  i. The jury, should this matter go to trial.

  4. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to the enforcement of this order. Defendant City of Vallejo and the named defendants herein shall be entitled to retain possession of the original writings described above. Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

  5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to defendants.

6. Should a party intend to file Confidential Material with the court, as an exhibit to a pleading or otherwise, that party must first notify all other parties (through their attorneys), in writing and filed with the court, no less than fourteen days before the intended filing date, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal. No document shall be filed under seal unless a party secures a court order allowing the filing of a document under seal in accordance with the provisions of E.D. Local Rule 141.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

9. Upon receipt of this Protective Order and disclosure of the Confidential Material, it will be presumed that plaintiff knows the contents of this Protective Order, understand the provisions of this Protective Order and consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this Protective Order.

10. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose.

//
//
//

11. Violation of the terms of this Protective Order <u>MAY SUBJECT</u> a party to any and all permissible SANCTIONS, including dismissal.

DATED: March 26, 2018 Respectfully Submitted,

 */s/ Kelly J. Trujillo*
KELLY J. TRUJILLO
Assistant City Attorney
Attorney for Defendants,
CITY OF VALLEJO, et al.

DATED: March 26, 2018

 */s/ Melissa C. Nold*
MELISSA C. NOLD
Attorney for Plaintiff

ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

////

**Case No. 2:17-cv-00988-KJN-DB** **STIPULATION FOR PROTECTIVE ORDER AND ORDER**

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: March 29, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\pitts0988.stip.prot.ord

Case No. 2:17-cv-00988-KJN-DB  STIPULATION FOR PROTECTIVE ORDER AND ORDER

-6-